R. H. FISHER, Appellant, v. INDEPENDENT SCHOOL DISTRICT OF KEOTA, IOWA.

**Mechanics' liens:** ENFORCEMENT AGAINST PUBLIC BUILDINGS: ATTORNEYS' FEES. The statute relating to claims of subcontractors for material or labor used in the construction of a public building, etc., and providing for an adjudication of the same in an equitable action and the taxation of an attorney's fee against the losing party and in favor of the corporation, contemplates the taxation of attorney's fees against the losing party after a trial as therein provided. But where the contractor, as in this case, and the corporation induced the subcontractor to settle his action against both for less than the amount of his claim, and there was no suggestion that he should be subjected to further loss by the payment of attorney's fees, he was not the losing party within the contemplation of the statute, and the corporation was estopped from claiming the assessment of such fees against him.

*Appeal from Keokuk District Court.*—HON. R. E. WILL-
COCKSON, Judge.

WEDNESDAY, FEBRUARY 14, 1912.

THE opinion states the facts.—*Reversed.*

*L. M. Kratz,* for appellant.

*D. W. Hamilton,* for appellee.

SHERWIN, J.—This suit was brought by the plaintiff
against the Concrete Engineering Company and the de-
fendant independent school district of Keota to recover
money alleged to be due him for labor and material fur-
nished as a subcontractor in the construction of a school
building. Both the engineering company and the school
district answered. The former admitted a balance due the
plaintiff, but claimed that he had not fully completed the
work he undertook to do and pleaded certain offsets to his
claim. The district answered, admitting its contract with
the engineering company, but denied that such contract had
been fully performed, alleged certain defects in the build-
ing, and pleaded that nothing more was due the contractor
until the final completion of the building. The school dis-
trict admitted, however, that it had on hand $774.41, which
could be applied on plaintiff's claim whenever the build-
ing was completed and accepted. After the issues were
joined, the parties met for the purpose of settling the con-
troversy between plaintiff and the engineering company,
the school district being represented by its directors, and
at that meeting the school district urged a settlement be-
tween plaintiff and the engineering company so that the
way might be left clear for its final settlement with the
engineering company. Thereafter plaintiff and the engi-
neering company agreed upon a settlement, by the terms of

which plaintiff was to receive $500 in full payment of his claim. A stipulation to that effect was thereupon filed, and the case dismissed by the plaintiff. Immediately thereafter, the independent school district of Keota, by motion, asked that a reasonable attorney's fee be allowed it, and that same be taxed as a part of the costs against the plaintiff. After a hearing, the court awarded the defendant $100 attorney's fee and taxed it to the plaintiff. This appeal followed.

The appellee relies on section 3103 of the Code, which relates to mechanic's liens. filed against public buildings, and is as follows: "Any party in interest may cause an adjudication of the amount, priority and mode and time of payment of such claim by an equitable action in the district court of the proper county. In such action the court may assess a reasonable attorney's fee against the party failing, in favor of such corporation." The plain language and intent of this enactment is to require the unsuccessful party, in a trial therein provided for, to pay an attorney's fee. It is for the purpose of indemnifying the public corporation for the expense it is compelled to incur to protect itself. The statute itself seems to contemplate an adjudication in equity and to provide for the attorney's fee only in case of failure after such trial.

But, however that may be, we are of the opinion that the plaintiff did not fail in his action within the meaning of the section. True it is that he did not recover a judgment, but it is fair to say that he would have done so if there had been no settlement before trial. He was successful in his suit to the extent of forcing the payment of at least a part of his claim, and hence there was no failure on his part, unless it be said that his voluntary dismissal of his action before trial was, under the circumstances, a "failure" within the meaning of the statute, and we do not so construe it. Another reason why the defendant is not entitled to attorney's fee in this case is this: It urged

the plaintiff to settle without a trial, and he acted upon such request and accepted much less than the face of his claim, without any suggestion, so far as the record shows, that the school district would ask him to sustain further loss by the payment of an attorney's fee. The district, having been instrumental in procuring the settlement, should not now be permitted to say that there was such a failure on the part of the plaintiff as is contemplated by section 3103.

The judgment is therefore *reversed*.